[Cite as *State ex rel. Oteng v. McIntosh*, 2016-Ohio-3035.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Dennis Oteng, | : | |
| Relator, | : | |
| v. | : | No. 15AP-844 |
| Stephen L. McIntosh, Judge<br>Franklin County Court of Common Pleas, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on May 17, 2016

*Dennis Oteng,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Scott J. Gaugler,* for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

TYACK, J.

{¶ 1} Dennis Oteng filed this action in procedendo seeking a writ to compel a ruling on his motion for a new trial.

{¶ 2} In accord with Loc.R. 13(M) of the Tenth District Court of Appeals, this case was referred to a magistrate to conduct appropriate proceedings.

{¶ 3} Counsel for the judge responsible for Oteng's case in the trial court filed a motion requesting that this action in procedendo be dismissed. The magistrate converted the motion to dismiss to a motion for summary judgment so that the magistrate could consider matters outside of the pleadings, specifically an entry reflecting the fact that the trial court had ruled on Oteng's motion for a new trial.

{¶ 4}   Based upon the trial court's ruling, the magistrate issued a magistrate's decision which contains detailed findings of fact and conclusions of law.  The magistrate's decision includes a recommendation that we grant summary judgment and deny the request for a writ.

{¶ 5}   Oteng has not filed objections to the magistrate's decision.  This case is now before the court for review.

{¶ 6}   No error of law or fact is present on the face of the magistrate's decision. We, therefore, adopt the findings of fact in the magistrate's decision and conclusions of law contained therein.  As a result, we grant respondent's motion for summary judgment and deny the request for a writ of procedendo.

*Motion for summary judgment granted;*
*writ of procedendo denied.*

DORRIAN, P.J. and HORTON, J., concur.

_____

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENNTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Dennis Oteng, | : | |
| Relator, | : | |
| v. | : | No. 15AP-844 |
| Stephen L. McIntosh, Judge | : | (REGULAR CALENDAR) |
| Franklin County Court of Common Pleas, | | |
| | : | |
| Respondent. | | |
| | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on February 12, 2016

---

*Dennis Oteng,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Scott J. Gaugler,* for respondent.

---

### IN PROCEDENDO
### ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

{¶ 7}  In this original action, relator, Dennis Oteng, an inmate of the Ross Correctional Institution ("RCI"), requests a writ of procedendo ordering respondent, the Honorable Stephen L. McIntosh, a judge of the Franklin County Court of Common Pleas, to rule on his August 13, 2014 motion for new trial filed in the common pleas court.

Findings of Fact:

{¶ 8}  1. On September 10, 2015, relator, an RCI inmate, filed this original action against respondent.  In his complaint, relator requests a writ of procedendo ordering respondent to rule on his motion for new trial filed August 13, 2014 in Franklin C.P. No. 13CR-224.

{¶ 9} 2. On October 15, 2015, respondent filed a motion to dismiss. In support, respondent attached a copy of his entry filed October 15, 2015 in common pleas court in case No. 13CR-224. The entry denies relator's August 13, 2014 motion for new trial.

{¶ 10} 3. On October 16, 2015, the magistrate issued an order converting respondent's motion to dismiss to one for summary judgment.

{¶ 11} 4. Also on October 16, 2015, the magistrate issued notice that the motion for summary judgment is set for submission to the magistrate on November 6, 2015.

{¶ 12} 5. On October 16, 2015, respondent filed a memorandum captioned "Respondent's Response to Magistrate's Order." In his memorandum, respondent points out that the copy of his entry attached to his motion to dismiss is a certified copy.

{¶ 13} 6. Relator has not responded to the magistrate's notice of summary judgment hearing.

<u>Conclusions of Law</u>:

{¶ 14} It is the magistrate's decision that this court grant respondent's motion for summary judgment.

{¶ 15} In this action, relator seeks a writ of procedendo ordering respondent to rule on his August 13, 2014 motion for new trial. Subsequent to his filing of this action, respondent has ruled on the motion for new trial. Accordingly, relator has received the relief that he seeks in this action.

{¶ 16} Procedendo will not compel the performance of a duty that has already been performed. *State ex rel. Walker v. Koch*, 98 Ohio St.3d 295, 2003-Ohio-856, ¶ 4.

{¶ 17} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. *Turner v. Turner*, 67 Ohio St.3d 337, 339-40 (1993); *Bostic v. Connor*, 37 Ohio St.3d 144, 146 (1988); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). The moving party bears the burden of proving no genuine issue of material fact exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).

{¶ 18} Clearly, respondent is entitled to judgment as a matter of law.

{¶ 19} Accordingly, it is the magistrate's decision that this court grant respondent's motion for summary judgment.


                                                    /S/ MAGISTRATE
                                                    KENNETH W. MACKE



**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).